Allen *v.* Fury.

---

## David Allen et al.

### *v.*

### Charles J. Fury et al.

1. A cross-bill being a means of defence, the allegations therein must relate to or be so immediately connected with the matter set up in and the issues made by the original bill, as necessarily to be involved in the decree pronounced under the original bill.

2. Matters which may be the foundation of a suit by a defendant, but which are wholly independent of the claims made against him by the complainant, can only be litigated by an original bill and not by cross-bill.

---

On motion to strike out cross-bill.

*Mr. Charles E. Hendrickson,* for the motion.

*Mr. James Buchanan, contra.*

Bird, V. C.

The original bill in this case was filed for the purpose of obtaining a decree declaring that certain stock which was issued by the defendant the Ironsides Pottery Company was unlaw-

fully issued, and that the certificates thereof might be declared void and ordered to be canceled.

The defendants answer, and answer by way of cross-bill. In their cross-bill they set up that, because of the depression in trade and the uncertainty of business in the future, the company decided that certain goods which were in process of manufacture should be completed, and that then all operations of the plant should cease, but that notwithstanding such decision upon the part of the company, the complainants directed the operations of the concern to be continued to its detriment, and pray that they may be enjoined from any further interference.

Notice of motion to strike out the answer by way of cross-bill having been given, the questions arising thereunder are now to be considered. The third and fourth reasons, which are to the effect that the matters introduced in the answer by way of cross-bill are entirely separate and distinct from the matter set up in the original bill, and can in no way aid the defendants in their resistance to the original bill, will only be considered.

That these objections to the cross-bill are well taken appears from the very threshold of the investigation. At the opening of every text-book upon the subject, or reported case, it is made clear that a cross-bill must be confined to the subject-matter of the original bill, or in some way connected with it so as to make it a proper subject of defence thereto. In *Kirkpatrick* v. *Corning, 12 Stew. Eq. 136,* it was said : "A cross-bill is considered as a mode of defence, and must be confined to the subject of the litigation in the original suit, and cannot be the means of instituting a distinct suit in relation to other matters, and cannot become the foundation of a decree as to such matters." *S. C., 13 Stew. Eq. 343 ; Sebring* v. *Conkling, 5 Stew. Eq. 24 ; Kruger* v. *Ferry, 14 Stew. Eq. 432 ; Carpenter* v. *Gray, 10 Stew. Eq. 389 ; 2 Dan. Ch. Pr. & Pl. 1548 ; Wright* v. *Miller, 1 Sandf. 123 ; Crosse* v. *De Valle, 1 Wall. 14.*

In *Galatin* v. *Erwin, Hopk. 48,* it is said : "A cross-bill is a defence, and being so considered is confined to the matters in litigation in the original suit. Without this restriction new matters might be introduced into a litigation by cross-bill without end." *S. C., 8 Cow. 361.* See, also, *83 Am. Dec. 251.*